**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RICHARDO LONGSTREET,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cr-20145-SHL |

**ORDER ON DEFENDANT'S OBJECTIONS TO THE GOVERNMENT'S NOTICE OF RES GESTAE EVIDENCE**

Defendant Richardo Longstreet is charged with one count of aiding and abetting Marquett Britton's possession with intent to distribute 28 grams or more of cocaine base, one count of possession of a firearm in furtherance of a drug trafficking crime, one count of aiding and abetting Marquett Britton's possession of a firearm in furtherance of a drug tracking crime, one count of possession of a firearm by a convicted felon, and one count of aiding and abetting Marquett Britton's possession of a firearm by a convicted felon. (ECF No. 1.) The charges arise out of an April 17, 2021, incident.

On October 21, 2026, the Government filed its Notice of Res Gestae Evidence and Pursuant to Federal Rules of Evidence 404(b), asserting its intent to use at trial allegations arising from an April 3, 2021 traffic stop involving Longstreet. (ECF No. 41.) Longstreet filed a Response in opposition to the Government's Notice on October 24, 2026, which is best construed as a Motion in Limine to exclude evidence the Government gave notice of in its October 21 filing. (ECF No. 45.)

For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND[1]

According to the Government, on April 3, 2021, Memphis Police Department ("MPD") Officers O'Brien, Jones, and Hart conducted a traffic stop on a black Dodge Charger at 2575 Thousand Oaks. (ECF No. 41 at PageID 100; ECF No. 45 at PageID 174.) During the stop, the Charger allegedly fled the scene, nearly striking Officer Jones and a vehicle operated by Officer O'Brien. (ECF No. 41 at PageID 100; ECF No. 45 at PageID 174.) The Charger escaped, but Officer Jones's body-worn camera captured an image of the driver of the Charger. (ECF No. 41 at PageID 100; ECF No. 45 at PageID 174.)

Two weeks later, on April 17, 2021, Officers O'Brien, Jones, Roberts, and Walker were on a routine patrol when they observed a vehicle that resembled the Charger from the April 3 incident. (ECF No. 41 at PageID 102; ECF No. 45 at PageID 174.) Officers followed the vehicle to the Oak Court Mall, set up surveillance, and observed two individuals enter the mall, who they would eventually learn were Defendant Longstreet and Marquett Britton. (ECF No. 41 at PageID 102; ECF No. 45 at PageID 175.)

After Longstreet and Britton exited the mall, Officers detained Britton, who was sitting in the front passenger seat of the Charger. (ECF No. 45 at PageID 175.) Longstreet fled but was eventually detained. (Id.) Officers recovered a Glock pistol in Longstreet's waistband, marijuana in his front right pocket, $8,463.00 on his person, and another firearm and drugs in the front passenger glove compartment. (Id.; ECF No. 41 at PageID 102.)

The Government seeks to introduce evidence related to the April 3rd traffic stop as "background evidence . . . [which] provides significant explanatory information without which

[1] This recitation comes, in large part, from the Government's notice and reflects the proof they presumably intend to offer at trial.

the jury would be left with critical unanswered questions." (ECF No. 41 at PageID 103.) Longstreet argues that none of the evidence from the April 3rd incident is necessary or relevant, as he does not dispute that there was a legitimate basis for the surveillance and detention of him on April 17. (ECF No. 45 at PageID 176.) At most, Longstreet contends, the Court should "permit only a neutral statement that officers recognized the Charger from an earlier encounter based on the particular markings of the Charger." (Id.)

## ANALYSIS

Generally, all relevant evidence is admissible unless the federal rules of evidence dictate otherwise. Fed. R. Evid. 402. To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact" must be "of consequence in determining the action." Fed. R. Evid. 401. A court has discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing" issues, "misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Federal Rule of Evidence 404 defines how evidence of "other crimes, wrongs, or acts," including the uncharged actions of a criminal defendant, may be used at trial. Fed. R. Evid. 404(b) (quotation modified). There is a general bar against using "other act" evidence to "prove a person's character in order to show that on a particular occasion," they acted "in accordance" with that character. Id. 404(b)(1).

However, the res gestae doctrine is an exception to Rule 404(b) and permits "evidence . . . of those other acts that are inextricably intertwined with the charged offense" or when discussion of other acts "is necessary to complete the story of the charged offense." United States v. Peete, 781 F. App'x 427, 432–33 (6th Cir. 2019) (quoting United States v. Brown, 888

F.3d 829, 836 (6th Cir. 2018)). Res gestae evidence "permits the government 'to put the charges in the appropriate context' and recognizes 'that . . . prosecutors are not restricted to proving only discrete elements of a crime in such a way that they would be unable to offer the jury a natural narrative of events.'" Id. at 433 (quoting United States v. Gibbs, 797 F.3d 416, 424 (6th Cir. 2015)). But even if "evidence is properly considered 'background evidence,' it may nonetheless be inadmissible 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'" Id. (citations omitted).

Longstreet argues that, at most, "the Government may need to explain that officers recognized the Charger from an earlier encounter because of the Charger's particular markings," which would "suppl[y] the asserted background without exposing the jury to allegations that Mr. Longstreet tried to strike an officer, nearly struck him, nearly hit a police vehicle, and then fled." (ECF No. 45 at PageID 178.) Longstreet is correct.

For one, the details of the April 3rd traffic stop do not fit within the res gestae exception. While the Government is correct that the existence of the April 3rd stop explains why the Officers surveilled Longstreet on April 17th, the details underlying that incident are not "directly probative of the charged offense, [do] [not] arise[] from the same events as the charged offense, [do] [not] form[] an integral part of a witness's testimony, [and] [they] [do] [not] complete[] the story of the charged offense." United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000) (citation omitted). While proper background evidence "does not implicate Rule 404(b)," much of the evidence at issue here does squarely implicated Rule 404(b)'s general bar against using "other act" evidence. Id.

Moreover, the allegations underlying the April 3rd incident would be highly prejudicial and could distract a jury from the issues to be tried in this case. Details of the April 3rd

encounter, including Longstreet's alleged attempt to strike an Officer with his car and subsequent flight, are, of course, highly prejudicial. Additionally, the April 3rd allegations are of little to no probative value, as they are not "of consequence in determining" Longstreet's guilt as to the charged offenses.[2]

However, as the Government points out, the fact that Officers were aware of the Charger Longstreet was driving during the April 3rd incident would help explain to the jury why Officers recognized the vehicle and surveilled him on April 17, 2021. (ECF No. 41 at PageID 103.) As such, the fact that Officer recognized the charger, based on particular markings, is proper, relevant res gestae evidence.

For the above-outlined reasons, Longstreet's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent it seeks to prohibit the Government from introducing evidence of the April 3, 2021 incident, including, but not limited to, allegations that Longstreet attempted to strike MPD officers with a vehicle, the alleged picture of Longstreet from an Officer's body-worn camera, and Longstreet's flight during that incident. However, Longstreet's Motion is **DENIED** to the extent it seeks to exclude any reference to the April 3, 2021, incident. At trial, witnesses for the Government may explain that Longstreet's April 17, 2021, surveillance stemmed from their recognizing the vehicle he was driving, due to their observing its particular markings from an earlier incident. Any other testimony related to the April 3rd incident is excluded.

---

[2] Longstreet also argues that an MPD report and a recording of an Officer's body-warn camera from the April 3rd incident have not been produced in discovery. (ECF No. 45 at PageID 181.) While troubling, the Court's Order does not rely on this alleged discovery violation.

**IT IS SO ORDERED,** this 27th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE